IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

IN THE MATTER OF THE )
THE COMPLAINT OF WILLIAM )
CRUTCHFIELD FOR EXONERATION ) Case No. 16-CV-255-TCK-FHM
FROM, OR LIMITATION OF, )
LIABILITY )
 )

**OPINION AND ORDER**

Before the Court is Petitioner William Crutchfield's Motion for Exoneration (Doc. 107).

**I.   Background [1]**

Petitioner seeks exoneration from liability arising from a March 27, 2016 fire involving his boat on Keystone Lake in Sand Springs, Oklahoma. Several parties filed claims during a Court-supervised claim period, and several of these claimants subsequently filed motions to dismiss for lack of subject-matter jurisdiction. However, before the Court ruled on the motions to dismiss, all parties requested a stay of this proceeding while settlement discussions were in progress. Petitioner ultimately reached agreements with all parties to stipulate to the dismissal of their claims. After all claims were dismissed, Petitioner filed the Motion for Exoneration.

After reviewing the Motion for Exoneration, the Court ordered Petitioner to show cause why his Complaint should not be dismissed for lack of subject-matter jurisdiction, noting that claimants' motions to dismiss raised substantial questions about the existence of jurisdiction. Although Petitioner's Complaint stated that jurisdiction is based on 28 U.S.C. § 1331 (federal question) and 1333 (admiralty), Petitioner appears to have abandoned any theory of jurisdiction under these

---

[1] The procedural history of this case is summarized in further detail in the Court's March 21, 2018 Order (Doc. 108).

statutes. Instead, Petitioner's response argues that the Shipowner's Limitation of Liability Act, 46 U.S.C. §§ 30501-30512 (the "Limitation Act") provides an independent basis for federal jurisdiction. (Doc. 109 ("Response").)

**II.   Analysis**

The undersigned has previously rejected the argument that the Limitation Act provides federal jurisdiction in the absence of traditional admiralty jurisdiction. *See In re Compl. of Special Explor'n Co., Inc., and John F. Special*, No. 07-CV-224-TCK-SAJ, Doc.107, slip op. at 7-8 (N.D. Okla. Feb. 22, 2008) (report and recommendation adopted at Doc. 115 (Sept. 30, 2008)) (citing *Guillory v. Outboard Motor Corp.*, 956 F.2d 114, 115 (5th Cir. 1992)) ("The Limitation Act . . . does not provide an independent basis for jurisdiction in federal court. Admiralty jurisdiction must be present before the Limitation Act applies."). The Tenth Circuit has not addressed whether the Limitation Act independently confers federal jurisdiction, but other circuit courts have held uniformly that it does not. *See, e.g., MLC Fishing, Inc. v. Velez*, 667 F.3d 140, 143 (9th Cir. 2011) ("Having carefully considered the question, we take this occasion to join our sister Circuits in holding that the Limitation Act does not confer admiralty jurisdiction over petitions that arise from incidents that, like the one here, did not occur on or over navigable waters."); *Guillory*, 956 F.2d at 115 ("The Limitation of Liability Act does not confer jurisdiction upon federal courts. That must come from our admiralty jurisdiction under U.S. Const. art. III, § 2 and 28 U.S.C. § 1333(1)."); *David Wright Charter Serv., Inc. v. Wright*, 925 F.2d 783, 785 (4th Cir. 1991) ("In concert with the Seventh, Eighth, and Eleventh Circuits, we conclude that the Limitation Act is not a source of admiralty jurisdiction. Rather it is a procedure that may be invoked when general admiralty and

maritime jurisdiction has been established."); *Three Buoys Houseboat Vacations USA Ltd. v. Morts*, 921 F.2d 775, 779 (8th Cir. 1990) (holding that the Limitation Act does not create federal question jurisdiction because it is in the nature of a defense); *see also Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 244 (2d Cir. 2014) ("[T]he fact that a vessel owner may file a petition for limitation does not mean the district court necessarily has jurisdiction to hear it. Instead, the district court will only have admiralty jurisdiction to hear a petition for limitation if it already has admiralty jurisdiction over the underlying claims that the petition seeks to limit.").

Petitioner argues that the holding of *Richardson v. Harmon*, 222 U.S. 96, 106 (1911) establishes that the Limitation Act provides an independent basis for federal jurisdiction. However, as noted *supra*, every circuit court that has considered this question has held that the Limitation Act does not independently confer jurisdiction. Petitioner contends the Court should instead follow *In re Bernstein*, 81 F. Supp. 2d 176 (D. Mass. 1999), in which the district court noted, yet rejected, "the overwhelming disapproval by the Courts of Appeals" of the argument that the Limitation Act confers independent jurisdiction. 81 F. Supp. 2d at 182. However, the Court is more persuaded by the decisions of the courts of appeals that have considered this issue. The other district court cases relied upon by Petitioner are not controlling and are inapposite for the reasons set forth in Progressive Northern Insurance Company's and Progressive Direct Insurance Company's Reply in support of their motion to dismiss. (*See* Doc. 84, at 7-8.) For these reasons, Petitioner has failed to show that the Court should revisit its previous conclusion that the Limitation Act does not provide an independent basis for jurisdiction. The Court therefore concludes that it lacks jurisdiction to rule on Petitioner's Motion for Exoneration. The Court further finds that Petitioner's Complaint is subject to dismissal *sua sponte* for lack of subject-matter jurisdiction.

## III. Conclusion

For the reasons set forth herein, the Petitioner William Crutchfield's Complaint (Doc. 2) is DISMISSED for lack of subject-matter jurisdiction. This Order closes the proceeding and terminates the Motion for Exoneration (Doc. 107).

**SO ORDERED this 26th day of July, 2018.**

*/s/ Terence Kern*
**TERENCE KERN**
**United States District Judge**